Daniel R. Price (NV Bar No. 13564)
Christopher Beckstrom (NV Bar No. 14031)
Janice J. Parker (NV Bar No. 14102)
Krysa Scully (NV Bar No. 16751)
PRICE & BECKSTROM
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
Phone: (702) 941-0503
Fax: (702) 832-4026
info@pbnv.law
*Attorneys for Plaintiffs Julieth Mateus Munoz and David Ramirez Torres*



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JULIETH MATEUS MUNOZ; DAVID RAMIREZ TORRES;<br><br>     Plaintiffs,<br><br>v.<br><br>MIROSLAW KLECZKOWSKI; SKY DIVE LOGISTICS INC.; TRANSPORT ENTERPRISE LEASING, LLC; ALLAN CABALLERO ENAMORADO; JOSE MENDOZA; DOE DRIVER I-X; DOE OWNER I-X; ROE EMPLOYER I-X; ROE COMPANY I-X;<br><br>     Defendants.<br>_____<br>ALLAN I. CABALLERO ENAMORADO, an individual; SONIA Y. CABALLERO VEGAS, an individual; and ELI N. CABALLERO ENAMORADO, an individual; MIGUEL A. OCHOA, an individual; and ERIKA JIMENEZ-GARCIA, an individual,<br><br>     Plaintiffs,<br>v.<br><br>MIROSLAW KLECZKOWSKI, an individual; SKY DIVE LOGISITCS INC., a foreign limited-liability company; DOES 1 through X; and ROE CORPORATIONS I through X, inclusive;<br><br>     Defendants. | Case No.:  2:25-cv-01831-RFB-EJY<br><br><br><br><br>**Stipulation for Determination of Good Faith Settlement and Dismissal of Plaintiffs Julieth Mateus Munoz and David Ramirez Torres** |

COME NOW the parties appearing in the above-captioned action, through undersigned counsel of record, and do stipulate as follows:

1. This consolidated personal injury action arises from a multi-vehicle motor vehicle collision occurring on or about May 22, 2023.

2. Prior to the removal of this action to federal court, Plaintiffs Julieth Mateus Munoz and David Ramirez Torres resolved their claims against Defendants Transport Enterprise Leasing LLC, Allan Caballero Enamorado, and Jose Mendoza.

3. As of the date of the instant stipulation, Plaintiffs Julieth Mateus Munoz and David Ramirez Torres have now settled their claims against Defendants Miroslaw Kleczkowski and Sky Dive Logistics, Inc.

4. The parties stipulate that the proposed settlement is a good faith settlement as defined by NRS 17.245.

5. In determining whether a settlement was entered in good faith, Nevada courts consider: (1) the amount paid in settlement; (2) the allocation of settlement proceeds among the plaintiffs; (3) the policy limits of available insurance and the financial condition of the settling defendant; (4) whether the settlement was the product of collusion, fraud, or other tortious conduct intended to injure the interests of non-settling defendants; and (5) whether the settlement is otherwise fair and reasonable under the circumstances.[1]

6. The parties stipulate that the proposed settlement satisfies each of these factors. It was negotiated at arms-length in light of the risks, costs, and uncertainties of continued litigation; does not impair the substantive rights of any non-settling party; reflects amounts reasonably proportional to the settling Plaintiffs' claimed damages, discounted for trial risk and litigation expense; was not entered into for any improper or collusive purpose; and is otherwise fair, reasonable, and in good faith.

---

[1] *Doctors Company v. Vincent*, 120 Nev. 644, 98 P.3d 681 (Nev. 2004) (citing *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356 (Nev. 1991); *In Re: MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913 (D. Nev. 1983)).

Price & Beckstrom
Attorneys At Law

7. **Amount Paid in Settlement.** The settling parties have agreed to resolve the remaining claims of David Ramirez Torres and Julieth Mateus Munoz in exchange for payment of $25,000 (new money) to each of these two settling Plaintiffs. The amount of the settlement is fair given that David Ramirez Torres claims $21,988.45 in medical bills related to the 5/22/23 collision, that Julieth Mateus Munoz claims $19,715.32 in medical bills related to the 5/22/23 collision, and each of these Plaintiffs have received $25,000 in settlement from their settlement with Defendant Allan Caballero Enamorado.[2] As each of the settling Plaintiffs also claims entitlement to general damages for pain and suffering, this proposed settlement with Defendants Miroslaw Kleczkowski and Sky Dive Logistics, Inc., is proportionate to the settling Plaintiffs' claimed damages, mitigated by the risk of trial and cost of litigation.

8. **The Allocation of Settlement Proceeds Among the Plaintiffs.** The parties agree that this factor does not weigh against a finding of good faith. The settlement allocates equal amounts to each settling Plaintiff and was negotiated independently of insurance policy limits or collectability concerns, as the settling Defendants are covered by a commercial liability insurance policy. The allocation fairly reflects the respective claims and does not prejudice any other party.

9. **The policy limits of available insurance and the financial condition of the settling Defendant.** This factor likewise does not weigh against a finding of good faith. The settling Defendants, Miroslaw Kleczkowski and Sky Dive Logistics, Inc., are covered by a policy of commercial liability insurance, and the settlement was reached without limitation based on policy limits or concerns regarding collectability. The agreed-upon settlement amount reflects a reasonable compromise in light of the claims asserted and the risks and costs of continued litigation.

---

[2] Prior to removal, the state district court entered an order finding that the settling Plaintiffs' settlement with Defendant Allan Caballero Enamorado was entered into in good faith pursuant to NRS 17.245.

— 3 —

10. **Whether the settlement was the product of collusion, fraud, or other tortious conduct intended to injure the interests of non-settling defendants.** The parties stipulate that this factor is not applicable to the proposed settlement. The settling Plaintiffs have previously resolved their claims against all other Defendants; therefore, there are no non-settling Defendants whose rights are at issue.

11. **Whether the settlement is otherwise fair and reasonable under the circumstances.** The parties agree that the proposed settlement was the result of an arms-length negotiation between adverse parties who have entered into this agreement for the sole purpose of mitigating their risk, prosecuting their rights, and amicably resolving their dispute without taking the case through further protracted litigation. The proposed settlement does not impair the substantive rights of the non-settling Plaintiffs, and there are no remaining non-settling Defendants whose rights will be affected.

12. This settlement agreement resolves all claims asserted by Plaintiffs Julieth Mateus Munoz and David Ramirez Torres.

13. Accordingly, this Court should order the complete dismissal of Plaintiffs Julieth Mateus Munoz and David Ramirez Torres from the above-captioned suit.

14. As of the date of this stipulation, the claims of Plaintiffs Allan I. Caballero Enamorado, Sonia Y. Caballero Vegas, Eli N. Caballero Enamorado, Miguel A. Ochoa, and Erika Jimenez-Garcia, have not resolved and remain subject to this Court's discovery and scheduling orders.

15. Accordingly, the instant stipulation does not fully resolve the above-captioned suit.

/ / /

— 4 —

16. WHEREFORE, the parties respectfully request that the Court enter an order determining that the Ramirez-Torres Settlement was made in good faith pursuant to NRS 17.245 and dismissing Plaintiffs Julieth Mateus Munoz and David Ramirez Torres with prejudice.

IT IS SO STIPULATED THIS 26th day of January, 2026, by:

*/s/ Christopher Beckstrom*
Christopher Beckstrom (NV Bar No. 14031)
PRICE & BECKSTROM
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
*Attorney for Plaintiffs David Ramirez Torres and Julieth Mateus Munoz*

*/s/ Baylie A. Hellman (with permission)*
Robert K. Phillips, Esq.
Timothy D. Kuhls, Esq.
Baylie A. Hellman, Esq.
PHILLIPS, SPALLAS & ANGSTADT LLC
504 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Defendants Sky Dive Logistics, Inc. and Miroslaw Kleczkowski*

*/s/ Pengxiang Tian (with permission)*
Pengxiang Tian, Esq.
PT Law
2820 South Jones Boulevard, Unit 1
Las Vegas, Nevada 89146
*Attorney for Plaintiffs Allan Caballero Enamorado, Sonia Caballero Enamorado, Eli Caballero Enamorado, Miguel Ochoa, and Erika Jimenez-Garcia*

IT IS SO ORDERED:

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

**DATED:** January 27, 2026.

— 5 —