PENGXIANG TIAN, ESQ.
Nevada Bar No. 015662
CODY PAN, ESQ.
Nevada Bar No. 016600
**PT LAW**
2820 S. Jones Blvd., Unit 1
Las Vegas, Nevada 89146
Tel: (702) 763-5557
Fax: (702) 956-8023
Email: Calvin@PTLawLV.com
Cody@PTLawLV.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISRTICT OF NEVADA**

| | |
|---|---|
| ALLAN I. CABALLERO ENAMORADO, an individual; SONIA Y. CABALLERO VEGAS, an individual; and ELI N. CABALLERO ENAMORADO; an individual MIGUEL A. OCHOA, an individual; and ERIKA JIMENEZ-GARCIA, an individual,<br><br>Plaintiffs,<br>vs.<br><br>MIROSLAW KLECZKOWSKI, an individual; SKY DIVE LOGISTICS INC., a Foreign Limited-Liability Company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:25-CV-01831<br><br>**STIPULATION AND ORDER TO EXTEND INITIAL EXPERT DISCLOSURE DEADLINES FOR PLAINTIFFS' EXPERT, DR. RAIMUNDO LEON, ONLY**<br><br>**[THIRD REQUEST]** |
| JULIETH MATEUS MUNOZ; DAVID RAMIREZ TORRESL;<br><br>Plaitniffs,<br><br>vs.<br><br>MIROSLAW KLECZKOWSKI; SKY DIVE LOGISTICS, INC.; TRANSPORT ENTERPRISE LEASING, LLC; ALLAN CABALLERO ENAMORADO; JOSE MENDOZA; DOE DRIVER I-X; DOE OWNER I-X; ROE EMPLOYER I-X; ROE | |

COMPANY I-X,

Defendants.

Pursuant to LR 6-1 and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend the initial expert disclosure deadline for Plaintiffs' expert, Dr. Raimundo Leon, only, by thirty (30) days.

**DISCOVERY COMPLETED**

JU LIETH MATEUS-MUNOZ and DAVID RAMIREZ TORRES (the "Munoz Plaintiffs") filed their operative Complaint on March 17, 2025 in the Eighth Judicial District Court, County of Clark, State of Nevada. The Munoz Plaintiffs served Defendants Sky Dive and Kleczkowski separately with a copy of the Summons and Complaint on March 27, 2025. Defendant Sky Dive filed an Answer to the Munoz Plaintiffs' Complaint on April 17, 2025. Defendant Kleczkowski filed an Answer to Plaintiffs Complaint on April 22, 2025. The Munoz Plaintiffs has since been dismissed from this case.

In a separate action, The Caballero Plaintiffs filed their operative Complaint on April 22, 2025. The Caballero Plaintiffs served Defendant Sky Dive on May 9, 2025. The Caballero Plaintiffs served Defendant Kleczkowski on April 28, 2025. Defendants jointly filed an Answer on May 12, 2025.

Following the voluntary dismissal of all non-resident Nevada defendants in State Court, Defendants removed the matter to this venue on September 29, 2025. The parties held their FRCP 26(f) conference on July 29, 2025. The parties then filed and this Court granted the original Discovery Plan and Scheduling Order on October 14, 2025. [ECF 12.] After serving and responding to initial sets of written discovery, Defendants and the Munoz Plaintiffs entered into settlement discussions. The Caballero Plaintiffs needed additional time to respond to Defendants written discovery, thus leading to slight delays in terms of Defendants subpoenaing pre-and-post-incident medical records, along with ascertaining the scope of the Caballero Plaintiffs' claimed damages. As such, the parties submitted and this Court granted the First Stipulation and Order to Extend Discovery Deadlines on January 12, 2026. [ECF 22.]

Since then, Defendants and the Munoz Plaintiffs reached a settlement. The Munoz Plaintiffs' claims were formally dismissed on January 26, 2026. [ECF 27.] Defendants took the depositions of Plaintiffs ALLAN I. CABALLERO ENAMORADO, SONIA Y. CABALLERO VEGAS, ELI N.

CABALLERO ENAMORADO, MIGUEL OCHOA, and ERIKA JIMENEZ. Defendant also conducted a FRCP 35 Examination on Plaintiffs ALLAN I. CABALLERO ENAMORADO, SONIA Y. CABALLERO VEGAS, ELI N. CABALLERO ENAMORADO on June 2, 2026. Lastly, parties conducted a vehicle inspection of Plaintiff ALLAN I. CABALLERO ENAMORAD's vehicle on July 14, 2026.

In support of this Stipulation and Request, the parties has conducted the following list of discovery items to date:

The following discovery has been completed:

1. Plaintiffs Munoz and Torres served their initial FRCP 26(a) disclosure statement on May 23, 2025;

2. Plaintiffs Allan Caballero, Sonia Caballero, Eli Caballero, Ochoa, and Jimenez served their initial FRCP 26(a) disclosure statement on

3. Defendants served their initial FRCP 26(a) disclosure statement on June 25, 2025.

4. Plaintiffs Allan Caballero, Sonia Caballero, Eli Caballero, Ochoa, and Jimenez served their First Supplemental FRCP 26(a) disclosure statement on November 14,2025;

5. Defendants served their First Supplemental FRCP 26(a) disclosure statement on January 26, 2026;

6. Defendants served their Second Supplemental FRCP 26(a) disclosure statement on March 20, 2026.

7. Plaintiff has provided Defendants with provider specific authorizations. Defendants have served subpoenas for Plaintiffs complete pre-and-post-incident medical records;

8. Plaintiff has served a subpoena for post-incident medical records;

9. Plaintiffs Munoz served Defendant Sky Dive with an initial set of requests for production of documents on October 15, 2025;

10. Plaintiffs Munoz served Defendant Kleczkowski with an initial set of interrogatories on October 15, 2025;

11. Defendant Sky Dive served Plaintiff Munoz with an initial set of requests for production of documents, requests for admission, and interrogatories on October 21, 2025;

12. Defendant Sky Dive served Plaintiff Torres with an initial set of requests for production of documents, request for admission, and interrogatories on October 21, 2025;

13. Defendant Sky Dive served Plaintiff Allan Caballero with an initial set of requests for production of documents, requests for admission and interrogatories on October 21, 2025;

14. Defendant Sky Dive served Plaintiff Sonia Caballero with an initial set of requests for production of documents, requests for admission, and interrogatories on October 21, 2025;

15. Defendant Sky Dive served Plaintiff Eli Caballero with an initial set of requests for production of documents, requests for admission, and interrogatories on October 21, 2025;

16. Defendant Sky Dive served Plaintiff Ochoa with an initial set of requests for production of documents, requests for admission, and interrogatories on October 21, 2025; and

17. Defendant Sky Dive served Plaintiff Jimenez with an initial set of requests for production of documents, requests for admission and interrogatories on October 21, 2025.

18. Plaintiff Miguel Ochoa served his responses to Defendant Sky Dive's initial of requests for production of documents, requests for admission and interrogatories on December 5, 2025;

19. Plaintiff Erika Jimenez served her responses to Defendant Sky Dive's initial of requests for production of documents, requests for admission and interrogatories on December 5, 2025;

20. Plaintiff Allan Caballero served his responses to Defendant Sky Dive's initial of requests for production of documents, requests for admission and interrogatories on December 12, 2025;

21. Plaintiff Eli Caballero served her responses to Defendant Sky Dive's initial of requests for production of documents, requests for admission and interrogatories on December 12, 2025;

22. Plaintiff Sonia Caballero served her responses to Defendant Sky Dive's initial of requests for production of documents, requests for admission and interrogatories on December 12, 2025;

23. Deposition of Plaintiff Eli Caballero on March 16, 2026;

24. Deposition of Plaintiff Sonia Caballero on March 17, 2026;

25. Deposition of Plaintiff Allan Caballero on March 24, 2026;

26. Deposition of Plaintiff Miguel Ochoa on May 20, 2026;

27. Deposition of Plaintiff Erika Jimenez on May 22, 2026;

28. Rule 35 Exams for Plaintiffs Allan Caballero Enamorado, Sonia Caballero Vegas, and Eli Caballero Enamorado took place on June 2, 2026;

29. Inspection of Plaintiff Allan Caballero Enamorado took place on July 14, 2026.

**DISCOVERY REMAINING**

The parties will continue participating in written discovery.

1. Depositions of the designated expert witnesses.

2. Depositions of any and all other witnesses garnered through discovery, including but not limited to Plaintiff's treating doctors.

3. Deposition of Defendant Kleczkowski;

4. Deposition of Defendant Sky Dive's 30(b)(6) designee;

5. The parties will continue to gather relevant records.

**WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

The parties aver, pursuant to Local Rule 26-3, that good cause exists to extend the expert disclosure deadlines as to Dr. Leon. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time for Plaintiff's expert to complete his report. Due to an unexpected illness affecting a key member of Dr. Leon's staff who ordinarily assists with report preparation and transcription, Dr. Leon is required to personally complete and transcribe the reports, resulting in unavoidable delays despite diligent efforts to comply with the existing schedule.

The requested extension is sought in good faith, is limited in scope, and will allow sufficient time for the completion and exchange of Dr. Leon's expert materials without prejudicing any party. Good cause and excusable neglect exists to support the extension sought herein. Parties has been diligently working towards initial expert deadlines and are prepared to disclose all other relevant experts. As the issue arose within twenty-one (21) days of the disclosure deadline, excusable neglect exists to support the extension.

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial Expert Disclosure Deadline (for Dr. Raimundo Leon, only) | *July 26, 2026* | *August 25, 2026* |
| Rebuttal Expert Disclosure Deadline | *August 25, 2026* | *September 24, 2026* |

| | | |
|---|---|---|
| Discovery Cut-Off | *September 27, 2026* | *October 26, 2026* |
| Dispositive Motion Deadline | *October 25, 2026* | *November 24, 2026* |
| Proposed Joint Pre-Trial Deadline | *November 23, 2026* | *December 22, 2026* |

WHEREFORE, the parties respectfully request that this Court extend the initial expert disclosure for Dr. Raimundo Leon, only by thirty (30) days, which is currently scheduled to occur on July 26, 2026, as outlined in accordance with the table above.

Dated this 24th of July, 2026
PT LAW

*/s/ Pengxiang Tian*
PENGXIANG TIAN, ESQ.
Nevada Bar No. 15662
CODY PAN, ESQ.
Nevada Bar No. 16600
2820 South Jones Blvd, Unit 1
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

Dated this 24th of July, 2026
PHILLIPS, SPALLAS & ANGSTADT LLC

*/s/Baylie A. Hellman*
ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 14411
TIMTOYH D. KUHLS, ESQ.
Nevada Bar No. 13362
BAYLIE A. HELLMAN, ESQ.
Nevada Bar No. 14541
504 S. Ninth Street
Las Vegas, NV 89101
*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

DATED this 24th day of July 2026.

U.S. MAGISTRATE JUDGE

PT LAW

Calvin Tian <calvin@ptlawlv.com>

# Caballero, et. al. v. Sky Dive Logistics - Extension on Initial Expert Disclosure Deadline

**Baylie Hellman** <bhellman@psalaw.net> Fri, Jul 24, 2026 at 8:58 AM
To: Calvin Tian <calvin@ptlawlv.com>
Cc: Timothy Kuhls <tkuhls@psalaw.net>, "Joshua J. Kephart" <jkephart@psalaw.net>, Alexander Bahar <abahar@psalaw.net>, Ling Gillenwater <ling@ptlawlv.com>, Cody Pan <cody@ptlawlv.com>, Jacob Austin <jacob@ptlawlv.com>

Good morning, Calvin.

Attached is the draft SAO with my track changes for my proposed revisions. If you are fine applying my edits, you may affix my e-signature and submit to the court.

Best,

**Baylie Hellman**
Associate Attorney

PHILLIPS SPALLAS & ANGSTADT LLP
ATTORNEYS AT LAW

San Francisco | Las Vegas |
Los Angeles | Napa Valley

504 S. Ninth Street
Las Vegas, NV 89101

t 702-938-1510
f 702-938-1511
bhellman@psalaw.net
www.psalaw.net

This communication may contain confidential and privileged material for the sole use of the intended recipient. Receipt by anyone else does not constitute a loss of the confidential or privileged nature of the communication. Any review by or disclosure to another is prohibited. If you received this communication in error, please delete all copies and notify me.

**DECLARATION OF PENGXIANG TIAN**

STATE OF NEVADA )
) ss:
COUNTY OF LAS VEGAS )

I, Pengxiang Tian, declare that the following are true:

1. I am over the age of 18. I have personal knowledge of the facts herein.

2. I suffer no legal disabilities that would prevent me from making the following declaration.

3. I am counsel for Plaintiffs ALLAN I. CABALLERO ENAMORADO, SONIA Y. CABALLERO VEGAS, ELI N. CABALLERO ENAMORADO, MIGUEL OCHOA, and ERIKA JIMENEZ in this matter.

4. This declaration is submitted in support of stipulation and order to extend discovery deadline.

5. On or about July 13, 2026, I received notice that Plaintiff's' expert will not be able to meet the deadlines currently set by the court.

6. Thereafter, I conferred with counsel for Defendants regarding the issue associated with meeting the current deadline.

7. To avoid prejudice, parties reached an agreement to only extend the disclosure deadline for the expert who will not be able to complete his reports before the deadline closes.

8. This declaration is submitted in conjunction with the stipulation and order, which reflects the parties' agreement.

9. Excusable neglect and good cause exist to extend the discovery deadlines as the issue arose within twenty-one (21) days of the deadline.

10. I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Pengxiang Tian
PENGXIANG TIAN

07/24/2026
Date